UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-3072(DSD/JJG)

Gary L. Snyder,

       Plaintiff,

v.                                                                           **ORDER**

Janice Snyder, individually
and personally; Arapahoe County
Sheriff's Office, multiple John
and Jane Doe Sheriff Deputies,
each individually and personally;
Arapahoe County Social Services,
Colorado; Jefferson County Social
Services, Colorado, Kathleen Curley,
Ingrid Holmes, Mardi A. Ewing,
Linda Froehler, Linda Gibson-Hendrick,
Charles D. Moon, Katie Smith,
Stephanie Simpson, Eileen Wiseman,
each individually and personally;
John Doe Process Service Company,
Colorado, individually and
personally and in its business
capacity; Orbitz Couriers;
Douglas County Sheriff's Office,
multiple John and Jane Doe
Sheriff Deputies, each individually
and personally, Jennifer Gening, R.N.;
Douglas County, Minnesota, in its
governmental capacity; Jeffry
Rustand, individually and personally,
Sherburne County Social Services,
Minnesota; Mary Patton, individually
and personally, Jeffrey Scott Snyder,
individually and personally, for
jurisdiction only, Barry Brooks Snyder,
individually and personally, for
jurisdiction only, and Kevin Grant
Snyder, individually and personally
for jurisdiction only,

       Defendants.


This matter is before the court upon pro se plaintiff Gary L. Snyder's motions to issue subpoenas, extend time to respond to

defendants' motions to dismiss and continue the hearing scheduled for December 15, 2006. Based upon a review of the file and record, plaintiff's motions are denied.

## DISCUSSION

### I. Motion to Issue Subpoenas

Plaintiff moves the court to issue subpoenas for an extensive list of procedural manuals, employment records, training materials, service records, written correspondence, telephone records, transcripts, videos, faxes, and state and departmental policies from defendants Sherburne County, Minnesota; Jefferson County, Colorado; Arapahoe County, Colorado; Douglas County, Minnesota; and Minnesota State Trooper Jeffry Rustand and the Minnesota State Patrol. Each of these defendants has filed a motion to dismiss currently pending before the court that asserts a defense of qualified immunity. Defendants oppose the requested subpoenas.

Upon a showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c). The court will stay discovery when government officials raise the issue of qualified immunity until that threshold issue has been determined. See Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In the context of qualified immunity, a stay of discovery prevents the unnecessary expenditure of resources by defendants who are potentially protected from liability. See

Carlson v. Lunsford, No. 05-1025, 2006 WL 2469372, at *1 (W.D. Tenn. Aug. 24, 2006).  Plaintiff's extensive proposed discovery is therefore premature while the motions to dismiss are pending and would be unnecessarily burdensome to defendants in the event that they are entitled to qualified immunity.  Accordingly, the court finds a stay of discovery is warranted and denies plaintiff's request to issue subpoenas.

**II.  Motion to Continue Hearing**

District courts are afforded "broad discretion" when ruling on requests for continuances.  U.S. v. Lakoskey, 462 F.3d 965, 980 (8th Cir. 2006).  Continuances, however, generally are not favored and should be granted "only when the party requesting one has shown a compelling reason."  U.S. v. Cotroneo, 89 F.3d 510, 514 (8th Cir. 1996); see also L.R. 6.1 ("A motion for continuance of a case will be granted only for good cause shown.").  Plaintiff summarily states that the scheduled hearing will cause him "extreme hardship" but does so without any specificity about the nature of the hardship he might endure.  Without more, plaintiff's unsupported claim of extreme hardship is not a compelling reason to continue.  Therefore, plaintiff's motion to continue the hearing scheduled for December 15, 2006, is denied.

**III.  Motion to Extend Time to Respond**

The court has considerable discretion when ruling on motions to extend.  See Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir.

2005). Pursuant to Local Rule 7.1(b)(2), a party responding to a dispositive motion shall file and serve a memorandum of law, with supporting affidavits and exhibits, at least twenty days prior to the hearing.  The hearing on the motions to dismiss is scheduled for December 15, 2006, so plaintiff's response is due by November 25, 2006.  This is nearly three months after he received notice of the first motions to dismiss on August 31, 2006, and two months after notice of the final motion to dismiss on September 25, 2006. The court finds that period of time adequate for plaintiff to respond to defendants' motions.  Further, because the court has denied his motion to issue subpoenas, plaintiff has no need for additional time to integrate the requested information into his responses.  For these reasons, plaintiff's motion to extend is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion to issue subpoenas and extend time to respond to defendants' motions to dismiss [Doc. No. 40] is denied.

2.  Plaintiff's motion to continue the December 15, 2006, hearing and extend time to answer motions to dismiss [Doc. No. 43] is denied.

Dated:  November 9, 2006

                                                 s/David S. Doty
                                                 David S. Doty, Judge
                                                 United States District Court