UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 063072(DSD/JJG)


Gary L. Snyder,

        Plaintiff,

v.                                          **ORDER**

Janice Snyder, individually
and personally; Arapahoe
County Sheriff's Office,
multiple John and Jane Doe
Sheriff Deputies, each
individually and personally;
Arapahoe County Social
Services, Colorado; Jefferson
County Social Services,
Colorado, Kathleen Curley,
Ingrid Holmes, Mardi A. Ewing,
Linda Froehler, Linda Gibson-
Hendrick, Charles D. Moon,
Katie Smith, Stephanie Simpson,
Eileen Wiseman, each individually
and personally; John Doe Process
Service Company, Colorado,
individually and personally and
in its business capacity; Orbitz
Couriers; Douglas County Sheriff's
Office, multiple John and Jane
Does Sheriff Deputies, each
individually and personally,
Jennifer Gening, RN, individually
and personally; Douglas County,
Minnesota, in its governmental
capacity; Jeffry Rustand,
individually and personally;
Sherburne County Social Services,
Minnesota, Mary Patton, individually
and personally, Jeffrey Scott Snyder,
Individually and personally, for
jurisdiction only, Barry Brooks
Snyder, individually and personally,
for jurisdiction only, and Kevin
Grant Snyder, individually and
personally, for jurisdiction only,

        Defendants.

Gary L. Snyder, P.O. Box 666, Big Lake, MN 55309, pro se.

Kirsten J. Crawford, Arapahoe County Attorney's Office, 5334 South Prince Street, Littleton, CO 80166 and Monte Mills, Esq. and Greene Espel, 200 South Sixth Street, Suite 1200, Minneapolis, MN 55402, counsel for Arapahoe County Sheriff's Office.

Eric J. Quiring, Esq., Scott T. Anderson, Esq. and Ratwik, Roszak & Maloney, 730 Second Avenue South, Suite 300, Minneapolis, MN 55402 and Patricia W. Gilbert, Jefferson County Attorney's Office, 100 Jefferson County Parkway, Suite 5500, Golden, CO 80419, counsel for defendants Curley, Holmes, Ewing, Smith, Simpson, Wiseman and Froehler.

Jason M. Hill, Esq., Roger L. Rowlette, Esq. and Johnson & Lindberg, 7900 International Drive, Suite 960, Minneapolis, MN 55425, counsel for defendants Moon, Douglas County Sheriff's Office, Douglas County, Sherburne County Social Services and Patton.

W. Karl Hansen, Esq. and Leonard, Street and Deinard, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, counsel for defendant Rustand.

This matter is before the court on defendants' motions to dismiss or in the alternative for summary judgment and on pro se plaintiff's motions for permanent and preliminary injunctions, entry of default and entry of judgment. Upon a review of the file, record and the proceedings herein, and for the following reasons, the court grants defendants' motions and denies plaintiff's motions.

## BACKGROUND

On July 3, 2006, defendant Minnesota State Trooper Jeffrey Rustand ("Rustand") stopped plaintiff Gary L. Snyder ("Snyder") for speeding near Alexandria, Minnesota.  The sole passenger in the vehicle was Shari Snyder, Snyder's wife.  A routine check of Snyder's driver's license revealed an outstanding warrant for contempt of court issued October 19, 2004, by an Arapahoe County, Colorado, judge.  The warrant was related to child support proceedings between Snyder and his ex-wife, defendant Janice Snyder, stemming from their 1989 divorce in Colorado.  Based on the warrant, Rustand arrested Snyder.  He handcuffed Snyder, checking the cuffs for proper fit, and placed him into custody in the back of the squad car.  (Rustand Aff. ¶ 2.)  Snyder complained of discomfort due to the handcuffs and the heat.  Rustand suggested that Snyder sit sideways to be more comfortable and told Snyder he would be released if the warrant registered as inactive.  (Id.)

When they arrived at the jail, Rustand told Shari Snyder that bail was $124,000.  Because she could not pay that sum, Rustand prepared to take Snyder into the jail.  After securing his weapon inside, Rustand returned to the squad car to find Snyder slumped against the car window.  Rustand and Douglas County personnel helped Snyder out of the car and inside the jail, where Snyder complained of numb arms and then slid to the floor.  (Id. ¶ 4.) Rustand helped Snyder to his feet and removed the handcuffs while

3

a Douglas County sheriff's deputy radioed for the jail nurse, defendant Jennifer Gening ("Gening"). Upon hearing this call, Snyder stated that he was a doctor and did not need medical assistance. (Id.) The deputy and Rustand then moved Snyder into a cell where he could lie down and Gening could check his blood pressure and pulse. She reported that the results were normal. Shortly thereafter, Rustand left the jail. Despite Gening's findings, Snyder continued to complain of health problems, and prison officials summoned an ambulance. When it arrived, however, Snyder refused to be transported to a hospital.

Jail officials then placed Snyder in a cell. They tried to book him on the evening of July 3, 2006. After several attempts in which he refused to sign necessary papers and demanded counsel and a copy of the warrant, Snyder was booked on July 4, 2006. On July 5, 2006, Snyder received a copy of the Arapahoe County warrant for his arrest. That same day, Rustand signed a fugitive from justice complaint against Snyder. Snyder then appeared before a Douglas County district judge where bond was set at $10,000 and he was charged with flight from justice. On July 7, 2006, Shari Snyder posted the $10,000 cash bond for Snyder's release. At that time, a Douglas County deputy informed Snyder that Arapahoe County had withdrawn the warrant and would not extradite Snyder. The deputy also noted that a new warrant had been issued by Arapahoe County on the Colorado charge with a bond of $94,079.01 and no surety.

4

Plaintiff filed this 42 U.S.C. § 1983 and state tort law action on July 20, 2006, alleging a host of constitutional rights and state law violations against officials who participated in his arrest and detention. Specifically, plaintiff alleges that Rustand's arrest violated his constitutional right to be free from cruel and unusual punishment and that Rustand committed libel per se by signing the fugitive from justice complaint. In addition, plaintiff asserts claims of "false imprisonment, false arrest, malicious prosecution, failure to provide basic medical services, reckless endangerment of plaintiff's life" and for violation of his Eighth Amendment right to be free from excessive bail and cruel and unusual punishment against defendants Douglas County, Minnesota, the Douglas County Sheriff's Office, unnamed Douglas County Sheriff's deputies and Gening. (Compl. at 12, 17.)

As part of this action, Plaintiff also asserts § 1983 and state tort law claims against various parties associated with his 1989 divorce from Janice Snyder, the child support enforcement actions against him and the Arapahoe County-issued warrant for his arrest. He alleges violation of his parental rights under the First, Fourth and Fourteenth Amendments of the United States Constitution against Janice Snyder. Plaintiff asserts a claim of false imprisonment against defendant Arapahoe County Sheriff's Office. (Id. at 13.) He also alleges violations of his Fifth and Fourteenth Amendment due process rights and asserts additional

claims against defendants Jefferson County, Colorado, Social Services Department ("Jefferson County Social Services") and its employees Mardi Ewing ("Ewing"), Linda Froehler ("Froehler"), Eileen Wiseman ("Wiseman"), and Katie Smith ("Smith") for "gross accounting errors" in the calculation of the original $124,000 bond amount and Ingrid Holmes ("Holmes") and Kathleen Curley ("Curley") for having "submitted false court documents [and] invoked double jeopardy" against him. (Id. at 15.)

Plaintiff further brings tort claims of libel per se and extortion against Jefferson County Social Services for "fraudulent misrepresentation" of child support amounts owed based upon the information it transmitted to defendant Sherburne County, Minnesota, Social Services Department ("Sherburne County Social Services") once plaintiff moved to Minnesota. Plaintiff also asserts those claims against Sherburne County Social Services and its child support officer Mary Patton ("Patton") as well as claims of "extortion, release of protected and private information in an unprotected setting and mail fraud" for receiving the information from Jefferson County Social Services and posting the child support arrearage on an online Minnesota child support enforcement database. (Id. at 18-19.)

Lastly, plaintiff attempts to assert claims on behalf of his wife for "civil conspiracy to commit terrorism, criminal trespass, violation of privacy of information, violation of Fourth Amendment

rights, and property damages during illegal trespass on a private dwelling" against defendants Patton, Jefferson County Social Services and process server Charles D. Moon ("Moon").

Defendants Rustand, Douglas County, Douglas County Sheriff's Office, unnamed Douglas County Sheriff's deputies, Gening and Patton now move the court to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants Arapahoe County Sheriff's Office, Smith, Froehler, Curley, Ewing, Wiseman, Holmes and Simpson move the court to dismiss plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(1) for lack of personal jurisdiction.[1]

Since oral argument, plaintiff has filed motions for temporary and permanent injunctions regarding his driver's license suspension, a declaratory judgment that current Colorado and Minnesota child support collection procedures are unconstitutional,

---

[1] Plaintiff additionally moved the court prior to oral argument to extend the time to serve defendants Janice Snyder, Jeffrey Scott Snyder, Barry Brooks Snyder, Kevin Grant Snyder, and Lisa Gibson-Hendrick, for leave to amend his complaint to add Shari Snyder as a co-plaintiff and the Minnesota Department of Revenue, Sherburne County, Douglas County Sheriff Bill Ingebrigsten, and the Minnesota Department of Transportation as defendants and for injunctive relief ordering payment of Shari Snyder's 2005 Minnesota state income tax refund. The court denied these motions at oral argument.

and entry of default and a default judgment against Janice Snyder
pursuant to Federal Rule of Civil Procedure 55(a).

## DISCUSSION

### I.   Standing

Plaintiff does not have standing to assert claims on behalf of
his wife, Shari Snyder.  To establish standing a plaintiff must
show, among other things, that he or she has "'suffered an injury
in fact, meaning that the injury is (a) concrete and particularized
and (b) actual or imminent, not conjectural or hypothetical.'"
Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006) (quoting Lujan
v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  Plaintiff
cannot claim to have suffered an "injury in fact" for the alleged
actions against his wife and her property.  See Davis v. Fulton
County, Ark., 884 F. Supp. 1245, 1250 (E.D. Ark. 1995) (Fourteenth
Amendment and § 1983 do not afford husband independent cause of
action based upon constitutional deprivations allegedly suffered by
wife); see also Coon v. Ledbetter, 780 F.2d 1158, 1160-61 (5th Cir.
1986); cf. Flittie v. Solem, 827 F.2d 276, 280 (8th Cir. 1987).
Therefore, the court dismisses plaintiff's claims asserted on
behalf of Shari Snyder against defendants Patton, Jefferson County
Social Services and Moon.

## II.   Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action when the court lacks jurisdiction.  To survive a motion for dismissal for lack of personal jurisdiction, a plaintiff has the burden to establish a prima facie case that the forum state has personal jurisdiction over the defendant.  See Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998).  A federal court may assume jurisdiction over nonresident defendants "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause."  Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (internal quotations omitted).  Because Minnesota long-arm statutes "extend jurisdiction to the maximum limit consistent with due process," the court need only consider due process requirements.  St. Jude Med., Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 591 (8th Cir. 2001).  To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice."  Romak, 384 F.3d at 984.

There are two theories for evaluating minimum contacts: general jurisdiction and specific jurisdiction.  Under a general jurisdiction theory, personal jurisdiction is present when a defendant has "continuous and systematic contacts with the forum state," even if the injuries at issue did not arise out of an

action directed at the forum state.  Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004) (internal quotations omitted).  Under a specific personal jurisdiction theory, the cause of action must "arise out of" or "relate to" a defendant's activities within the forum state.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).  Both theories require an act by which a defendant "'purposefully avails itself of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  Dever, 380 F.3d at 1073 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).  If the court determines that a defendant has minimum contacts with the forum state, it then considers whether assertion of personal jurisdiction comports with "fair play and substantial justice."  Burger King, 471 U.S. at 476. In doing so, the court evaluates "(1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties."  Dever, 380 F.3d at 1073-74.  The court gives significant weight to the first three factors.  See id.

Defendants Arapahoe County Sheriff's Office, Smith, Froehler, Curley, Ewing, Wiseman, Holmes, and Simpson argue that plaintiff has not established that the court has personal jurisdiction over them.  Specifically, they argue that plaintiff cannot show that

they have minimum contacts with Minnesota.  In response, plaintiff makes general reference to the warrant the Arapahoe Sheriff posted on the National Crime Information Computer ("NCIC") Alert System, a fax between the Arapahoe Sheriff and Minnesota authorities and the transfer of information between Jefferson County and Sherburne County, but he does not specifically address grounds for personal jurisdiction over these defendants.

Posting a warrant on the NCIC system is not an act of purposeful availment.  See Cook v. Holzberger, 788 F. Supp. 347, 351 (S.D. Ohio 1992); see also Webber v. Michela, 633 F.2d 518, 519 (8th Cir. 1980).  Moreover, contact by phone or mail is "insufficient to justify exercise of personal jurisdiction" under the due process clause.  Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 2002).  A fax is no different.  In short, the warrant, fax and alleged transfer of information are not enough to establish that defendants have availed themselves of the benefits and protections of Minnesota.  As plaintiff has alleged no other contacts to the forum state, personal juridiction does not exist as to these defendants under either a theory of general or specific jurisdiction.[2]  Therefore, the court dismisses all claims against

---

[2] Because the court concludes that defendants do not have "minimum contacts" with the state of Minnesota, the court need not engage in an analysis of whether exercise of personal jurisdiction would comport with notions of "fair play and substantial justice." However, a consideration of the relevant factors in such an inquiry would further support dismissal of plaintiff's claims against these
(continued...)

defendants Arapahoe County, Smith, Froehler, Curley, Ewing, Wiseman, Holmes, and Simpson.

## III.  Motions to Dismiss and for Summary Judgment

### A.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will dismiss a complaint for failing to state a claim upon which relief may be granted if, after taking all facts alleged in the complaint as true, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief.  See Fed. R. Civ. P. 12(b)(6); Alpharma, Inc. v. Pennfield Oil Co., 411 F.3d 934, 937 (8th Cir. 2005).  Dismissal under Rule 12(b)(6) is only warranted "in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief."  Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004).

When a Rule 12(b)(6) motion presents "matters outside the pleadings," the court must treat the motion as one for summary judgment and dispose of the motion pursuant to Federal Rule of Civil Procedure 56.  See Fed. R. Civ. P. 12(b)(6); Blair v. Wills, 420 F.3d 823, 826-27 (8th Cir. 2005).  "Matters outside the pleadings" include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for

_____

[2](...continued)
defendants.

and does not merely reiterate what is said in the pleadings." Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999) (internal quotations omitted).  However, when a complaint relies on documents that are not in dispute the court may consider such documents without converting the motion into one for summary judgment.  See Silver v. H & R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997) (plaintiff cannot defeat motion to dismiss by not attaching referenced documents to complaint).  The court may also consider "materials that are necessarily embraced by the pleadings" in ruling on a motion to dismiss.  Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

The moving party in a motion for summary judgment will prevail if it demonstrates to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth

specific facts sufficient to raise a genuine issue for trial.  See Celotex, 477 U.S. at 324.  Moreover, if a nonmoving party cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. See id. at 322-23.

**B.   42 U.S.C. § 1983 Claims**

Section 1983 of Title 42 of the United States Code provides in relevant part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Section 1983 is "'not itself a source of substantive rights,'" but merely affords "'a method for vindicating federal rights elsewhere conferred.'"  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  The first task for a court considering a § 1983 claim is to identify the specific constitutional right allegedly infringed.  See id. at 271.

**1.   Defendant Mary Patton**

Against Patton, plaintiff asserts § 1983 claims of libel per se, extortion, fraud, release of protected and private information

14

in an unprotected setting and mail fraud.   Patton moves to dismiss all of these claims on the basis that they are not actionable under § 1983.   The court agrees.

As a threshold matter, plaintiff has not opposed Patton's motion to dismiss his fraud and mail fraud claims.   The court therefore grants that motion.

The remaining libel per se and release of information claims plaintiff alleges are not cognizable under § 1983.   See Paul v. Davis, 424 U.S. 693, 694, 708-09 (1976) (defamation); Broer v. Mann, 92 F.3d 1191, 1191 (9th Cir. 1996); Jarvis v. Wellman, 52 F.3d 125, 126 (6th Cir. 1995) (release of information).   The purported defamation did not deprive plaintiff of any liberty or property interests protected by the Due Process Clause.   See Paul, 424 U.S. at 712.   Further, there is no fundamental right associated with plaintiff's release of information claim, and without it there is no constitutional violation.   See Jarvis, 52 F.3d at 126. Neither is an extortion claim properly raised under § 1983 as it does not involve a deprivation of a constitutional right.   See United States v. Loftus, 992 F.2d 793, 796 (8th Cir. 1993); Sembach v. Cuthbertson, No. CV-05-3617, 2006 WL 3627502, at *6 (D. Ariz. Dec. 13, 2006).   Even if plaintiff had properly pleaded his extortion claim, he has not pleaded sufficient facts to show that Patton, in commencing child support enforcement procedures against him, was attempting to extort him.   See Evans v. United States, 504

U.S. 255, 260-68 (1992) (elements of extortion).  For all these reasons, the court grants Patton's motion and dismisses all § 1983 claims against her.

### 2. Defendants Douglas County, Douglas County Sheriff's Office and Sherburne County Social Services

Plaintiff asserts § 1983 claims against Douglas County. Municipalities, however, cannot be held liable for constitutional violations under § 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  Rather, they may be liable only if the execution of their policies or customs resulted in the deprivation of a constitutional right.  See id. at 694; Yellow Horse v. Pennington County, 225 F.3d 923, 928 (8th Cir. 2000).  Plaintiff has pleaded no policy or custom of Douglas County at the root of the alleged constitutional violations.  Therefore, the court dismisses plaintiff's § 1983 claims against Douglas County.

Plaintiff also asserts claims against the Douglas County Sheriff's Office and Sherburne County Social Services, but neither is a legal entity capable of liability.  Therefore, the court dismisses all claims against these defendants as well.

### 3. Defendants Jeffrey Rustand, Douglas County Sheriff's Deputies, and Jennifer Gening

Defendants Rustand, unnamed Douglas County Sheriff's deputies and Gening move the court to dismiss plaintiff's § 1983 claims of excessive force, false arrest, false imprisonment in violation of

his Fourth Amendment rights and deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. Defendants move to dismiss plaintiff's claims for failure to state a claim under Rule 12(b)(6) and upon a theory of qualified immunity.

Government officials performing discretionary functions are shielded from liability for civil damages under 42 U.S.C. § 1983 to the extent their conduct does not violate "clearly established statutory or constitutional rights" of which a "reasonable person" would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, the court considers the "objective legal reasonableness" of an official's conduct in light of the information he or she possessed at the time of the alleged violation. See Craighead v. Lee, 399 F.3d 954, 961 (8th Cir. 2005); Winters v. Adams, 254 F.3d 758, 766 (8th Cir. 2001). An official will be immune if it is objectively obvious that a reasonably competent official could have concluded that the disputed action was proper. See Malley v. Briggs, 457 U.S. 335, 341 (1986).

The applicability of qualified immunity is a question of law analyzed in two parts. Saucier v. Katz, 533 U.S. 194, 201 (2001). The court first determines whether the facts alleged are adequate to show a constitutional violation, and, if so, whether the law regarding the right allegedly violated was clearly established.

See id.; Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666-67 (8th Cir. 1992). If a plaintiff has failed to establish a violation of a constitutional right, no additional inquiry is necessary, and the official is entitled to qualified immunity. Saucier, 533 U.S. at 201.

### a.  Excessive Force

Plaintiff alleges that Rustand's behavior during the arrest - that Rustand handcuffed him too tightly and transported him in a hot car – violated the Eighth Amendment's prohibition of cruel and unusual punishment. However, Eighth Amendment protection does not attach until after conviction and sentencing, and therefore plaintiff's claim is properly analyzed under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989); Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977).

Officers may use reasonable force to effectuate a lawful detention. See Graham, 490 U.S. at 396. The reasonableness of the force used depends on the "facts and circumstances of each particular case" and is judged from the perspective of a reasonable officer on the scene "rather than with the 20/20 vision of hindsight." Id. Use of handcuffs during an arrest is common practice, and without proof of long-term injury resulting from the handcuffing, it does not amount to excessive force. See Crumley v. City of Saint Paul, 324 F.3d 1003, 1008 (8th Cir. 2003); Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1082 (8th Cir. 1990)

18

("[A]llegations of pain as a result of being handcuffed, without some evidence of more permanent injury, are [not] sufficient to support [a] claim of excessive force."). Under certain circumstances, "unnecessary exposure to the heat of the sun" could, in combination with other factors, result in violation of Fourth Amendment rights. See Burchett v. Kiefer, 310 F.3d 937, 945 (6th Cir. 2002). However, use of a car's cooling or ventilation device negates a charge of imposition of extreme heat. See id.

There is no evidence that Rustand acted unreasonably while detaining plaintiff. Rustand followed proper handcuffing procedure, checking the amount of space between the handcuffs and double locking to prevent them from tightening. (Rustand Aff. ¶ 2.) Rustand advised plaintiff to turn sideways to help alleviate his discomfort. (Id.) Most important, other than self-diagnosed numbness in his fingers, plaintiff has provided no proof of long-term injury as a result of the handcuffs. Further, Rustand was in the car with plaintiff and experienced the same conditions during the transport to the Douglas County jail. According to Rustand, the heat conditions were not so extreme that they qualified as excessive or unreasonable. The court finds that the circumstances surrounding plaintiff's handcuffing and transport to the jail do not establish a violation of Fourth Amendment rights. Therefore, Rustand is entitled to qualified immunity on plaintiff's excessive force claim.

####     b.    False Arrest

Plaintiff asserts a claim of false arrest against Rustand and the Douglas County officials, arguing that the Arapahoe County warrant was falsely issued in its original presentation.  As an initial matter, plaintiff's false arrest claim against Douglas County officials fails because plaintiff has not alleged that anyone but Rustand arrested him.  Therefore, the court dismisses this claim as to the Douglas County officials.

The relevant inquiry in a Fourth Amendment false arrest case is whether the officer had probable cause to make an arrest.  See Kurtz v. City of Shrewsbury, Mo., 245 F.3d 753, 758 (8th Cir. 2001).  When a defendant is named in a valid bench warrant, probable cause for arrest exists, and any Fourth Amendment argument arising out of that arrest is without merit.  See Luckes v. County of Hennepin, Minn., 415 F.3d 936, 939 (8th Cir. 2005).  Even if problems with the warrant later arise, an arrest executed pursuant to a facially valid warrant generally "does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer."  Fair v. Fulbright, 844 F.2d 567, 569 (8th Cir. 1988).  As long as a reasonably well-trained officer would not have known that the arrest was illegal despite the judge's authorization, the warrant shields an officer from § 1983 liability.  See Stigall v. Madden, 26 F.3d 867, 869 (8th Cir. 1994).

Here, plaintiff claims that he was falsely arrested because the bond amount on the warrant was later adjusted and the warrant itself was withdrawn by Colorado authorities.  He has not demonstrated, however, that the warrant was facially invalid at the time of arrest or that Rustand reasonably should have known that the arrest was illegal.  Without either, there was probable cause to validly arrest plaintiff.  For these reasons, Rustand did not violate plaintiff's Fourth Amendment rights.  Therefore, Rustand is entitled to qualified immunity on plaintiff's false arrest claim.

### c.   False Imprisonment

Plaintiff asserts a claim of false imprisonment against Douglas County jail officials.  Although false imprisonment traditionally sounds in state tort law, courts have entertained § 1983 claims for false imprisonment when a plaintiff alleges the denial of constitutional rights.  See Baker, 443 U.S. at 142-43.  However, where a claim for false arrest is barred because officers acted with probable cause, "no false imprisonment claim lies." Anderson v. Franklin County, Mo., 192 F.3d 1125, 1132 (8th Cir. 1999); see Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).  Plaintiff's false arrest claim has been barred because Rustand acted subject to a facially valid warrant and with probable cause.  Therefore, his false imprisonment claim against the Douglas County officials is dismissed.

### d.   Deliberate Indifference

Plaintiff alleges that Douglas County Sheriff's deputies and Gening recklessly endangered his life and deliberately disregarded his serious medical needs in violation of the Eighth Amendment. Prison officials' deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).   A deliberate indifference claim involves both a subjective and objective component. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997).   The claimant must show that "prison officials actually knew of but deliberately disregarded" the prisoner's objectively serious medical needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).   An objective, serious medical need is one "diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."   Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995).   In other words, the failure to treat a medical condition is not a constitutional violation unless prison officials "knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).   Deliberate indifference, therefore, is demonstrated if prison officials intentionally deny or delay access to medical care or interfere with prescribed treatment or if prison doctors fail to respond to serious medical needs; mere negligence

or medical malpractice is not enough.  See Estelle, 429 U.S. at 104-05; Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Plaintiff has not demonstrated that the deputies and Gening were deliberately indifferent to his serious medical needs.  The majority of plaintiff's alleged injuries - numbness of hands and arms or chest pains - were not so obvious that a lay person would have recognized them.  Assuming that plaintiff's apparent inability to stand up or sit in a chair was enough to put prison officials on notice of his medical needs, there is no evidence that the deputies or Gening failed to act to address plaintiff's situation.  Indeed, they did just the opposite.  When Rustand first brought plaintiff into the jail, the deputies summoned nurse Gening to attend to plaintiff.  Gening provided plaintiff with oxygen then took his blood pressure and other vital signs and noted that he was normal. Despite the normal readings, jail officials summoned an ambulance for plaintiff.  When it arrived, he refused transport.  Far from demonstrating deliberate indifference, therefore, the jail officials' actions indicate ongoing attempts to address plaintiff's purported medical needs.  Further, plaintiff's allegation of "incompetence" equates at most to negligence, which does not qualify as cruel and unusual punishment for purposes of the Eighth

Amendment.  For all these reasons, plaintiff has not established that prison officials violated his constitutional rights, and the deputies and Gening are entitled to qualified immunity.

### C.   State-Law Tort Claims

In addition to his federal § 1983 claims, plaintiff asserts state-law tort claims against Rustand, Douglas County, unnamed Douglas County Sheriff's deputies, Gening and Patton for false imprisonment, malicious prosecution, libel per se and infliction of emotional distress.  Defendants move the court to dismiss these claims.  Plaintiff did not oppose the dismissal of the state-law tort claims in his responsive memoranda or at oral argument, nor did he state the claims in his complaint in sufficient detail to survive a motion to dismiss.  For these reasons, the court grants defendants' motions and dismisses plaintiff's remaining state-law tort claims.

## IV.  Remaining Matters

### A.   Plaintiff's Motion for Permanent or Preliminary Injunction

In addition to the § 1983 and state-law tort claims at the heart of this lawsuit, plaintiff has filed a motion for an injunction rescinding the suspension of his driving privileges and declaring the child support collection procedures of Minnesota and Colorado unconstitutional.  Such matters are entirely outside of the scope of the allegations in plaintiff's complaint.  Moreover,

the court has denied plaintiff's motion to amend his complaint to name the Minnesota Department of Transportation as a defendant, and the states of Minnesota and Colorado are not defendants in this action.   The court has no authority or jurisdiction to issue injunctive relief against entities that are not a party to this lawsuit.   Accordingly, the court denies plaintiff's motion for injunctive relief.

**B.   Plaintiff's Motions for Default and Entry of Judgment**

Plaintiff has moved the court for entry of default and judgment pursuant to Federal Rule of Civil Procedure 55(a) against Janice Snyder, who has not made an appearance in this action.   The court, however, will not enter a default judgment based upon a complaint which fails to state a claim.   See Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); United States v. Kahn, 164 Fed. Appx. 855, 858 (11th Cir. 2006). Plaintiff's complaint fails to state a cognizable § 1983 claim for relief against Janice Snyder.   She is a non-state actor who on the facts as pleaded cannot be held liable for acting under the color of state law.   Accordingly, the court denies plaintiff's motions for default and judgment and dismisses all claims against Janice Snyder.

**C.   Defendants Jeffrey Scott Snyder, Barry Brooks Snyder and Kevin Grant Snyder**

Federal Rule of Civil Procedure 8(a) requires that a complaint must contain a "short and plain statement" of the claims and

25

jurisdictional grounds.  At any time, the court may, on its own initiative pursuant to Federal Rule of Civil Procedure 12(h)(3), dismiss an action for lack of subject matter jurisdiction.  <u>See Kontrick v. Ryan</u>, 540 U.S. 443, 455 (2004).  In this case, although Jeffrey Scott Snyder, Barry Brooks Snyder and Kevin Grant Snyder - plaintiff's sons - are named as defendants, plaintiff has not pleaded a claim against them or identified a basis to invoke the court's subject matter jurisdiction.  The court therefore dismisses these defendants from the action.

### D. Defendants Lisa Gibson-Hendrick and Jefferson County Social Services

Federal Rule of Civil Procedure 4(m) provides "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant."  Plaintiff did not properly serve defendants Lisa Gibson-Hendrick or Jefferson County Social Services within the specified time period.  In fact, despite receiving notice that neither defendant had been served, plaintiff has still not effected service upon these defendants under the Federal Rules of Civil Procedure and the local rules of this district.  (<u>See</u> Letter from Kenneth Keene, Jr., Doc No. 2; Defs.' Mem. Supp. Mot. to Dismiss, Doc. No. 31.)  Accordingly, having already denied plaintiff's motion to extend time for

service, the court dismisses plaintiff's claims as to these defendants without prejudice pursuant to Rule 4(m).

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1.    Defendant Arapahoe County Sheriff's Office's motion to dismiss or in the alternative for summary judgment [Doc. No. 7] is granted;

2.    Defendant Jeffrey Rustand's motion to dismiss or in the alternative for summary judgment [Doc. No. 10] is granted;

3.    Defendants Charles Moon, Douglas County Sheriff's Office, Douglas County, unnamed Douglas County Sheriff's deputies, Sherburne County Social Services, Jennifer Gening and Mary Patton's joint motion to dismiss or in the alternative for summary judgment [Doc. No. 25] is granted;

4.    Defendants Katie Smith, Kathleen Curley, Ingrid Holmes, Mardi Ewing, Linda Froehler, Stephanie Simpson and Eileen Wiseman's joint motion to dismiss [Doc. No. 28] is granted;

5.    Plaintiff Gary Snyder's motion for permanent/preliminary injunction to rescind his driver's license suspension and to declare Minnesota and Colorado child support collection laws unconstitutional [Doc. No. 90] is denied;

6.    Plaintiff Gary Snyder's motion for entry of default against defendant Janice Snyder [Doc. No. 95] is denied;

7.   Plaintiff Gary Snyder's motion for entry of judgment against defendant Janice Snyder [Doc. No. 96] is denied;

8.   All claims against Janice Snyder, Jeffrey Scott Snyder, Barry Brooks Snyder and Kevin Grant Snyder are dismissed.

9.   All claims against Lisa Gibson-Hendrick and Jefferson County Social Services are dismissed without prejudice.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  March 21, 2007

<div style="margin-left:40%;">

s/David S. Doty_____
David S. Doty, Judge
United States District Court

</div>